"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JEFFREY J. COLEMAN,              ) | Case No. EDCV 05-00454-MLG |
|                                  ) | |
|         Plaintiff,               ) | MEMORANDUM OPINION AND ORDER |
|                                  ) | |
|         v.                       ) | |
|                                  ) | |
| JO ANNE B. BARNHART,             ) | |
| Commissioner of the              ) | |
| Social Security                  ) | |
| Administration,                  ) | |
|                                  ) | |
|         Defendant.               ) | |

Plaintiff Jeffrey J. Colman ("Plaintiff") seeks review of the Commissioner's final decision denying his application for Supplemental Security Income ("SSI"). For the reasons stated below, the Commissioner's decision shall be reversed, and this action should be remanded for further proceedings.

I.  **Factual and Procedural Background**

Plaintiff was born on December 1, 1951. (Administrative Record ("AR") at 67). He has a high school education and work experience as an electrician/home repairer and welder/electrician. (AR at 12).

Plaintiff protectively filed an application for SSI on April 15, 2002, alleging that he had been disabled and unable to work since May 5, 1996, due to depression, insomnia, poor vision, arthritis, right shoulder pain, stomach pain, and teeth abscesses. (AR at 12, 95-97). Plaintiff's application was denied initially, on reconsideration, and after a hearing before an Administrative Law Judge ("ALJ"). (AR at 12, 25-43, 49-60, 63-67). On June 23, 2004, the Appeals Council reversed the ALJ's decision and remanded Plaintiff's case for further proceedings.

A second administrative hearing was held on September 2, 2004.[1] (AR at 12). Plaintiff, who was represented by counsel, testified at the hearing. (AR at 12). A vocational expert also testified. (AR at 12). On October 24, 2004, the ALJ issued a decision finding that Plaintiff was not under a disability, as defined in the Social Security Act. (AR at 11-18). The ALJ determined that Plaintiff had not engaged in substantial gainful activity since the protective filing date of his application and that Plaintiff suffers from impairments that more than minimally restrict his ability to perform basic work related activity, including tendinitis of the right shoulder, panic disorder with mild agoraphobia, and depression, NOS. (AR at 12). The ALJ concluded that Plaintiff's impairments did not meet or equal one of the of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1, ("the Listings"). (AR at 13). The ALJ found that Plaintiff was capable of performing simple repetitive tasks in a non-confrontational, object oriented, work environment, involving no more than superficial interactions with co-workers or the public and no high speed production,

---

[1] The transcript from Plaintiff's second administrative hearing is not contained in the record.

The ALJ also found that Plaintiff would require unscheduled breaks for panic attacks lasting up to 15 minutes once a week and that Plaintiff has the residual functional capacity to: perform the medium range of lifting, be on his feet for six hours in an eight hour day, sit, engage in frequent pushing and pulling with the left lower extremity, and occasionally balance, kneel, crouch, crawl, and climb ramps and stairs, but that Plaintiff was precluded from working on uneven terrain, lifting above shoulder level, performing overhead work with the right upper extremity, and climbing ladders, ropes and scaffolds. (AR at 13). Given these limitations, the ALJ concluded that Plaintiff could not perform his past relevant work, but that Plaintiff was capable of performing other work that exists in significant numbers, including work as a dining room attendant, gas and oil servicer, and assembler. (AR at 16).

On April 28, 2005, the Appeals Council denied review. (AR at 3-5). Therefore, the ALJ's decision became the final decision of the Commissioner. (AR at 3). Plaintiff then commenced this action for judicial review.

The parties filed a Joint Stipulation on February 9, 2006. Plaintiff raises the following arguments:

1. The ALJ failed to properly consider the opinion of an examining psychiatrist.
2. The ALJ failed to properly consider the statements of Plaintiff's mother.

(Joint Stipulation at 2). Plaintiff seeks remand for payment of benefits or, in the alternative, remand for further development of the record. (Joint Stipulation at 15). The Commissioner requests that the ALJ's Decision be affirmed. (Joint Stipulation at 15). The Joint

Stipulation has been taken under submission without oral argument.

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

## III. Discussion

### A. Dr. Kikani

In June 2002, Divy J. Kikani, M.D. completed a psychiatric evaluation of Plaintiff. Dr. Kikani diagnosed Plaintiff with depressive disorder, NOS and rule out depressive disorder, secondary to a medical condition. (AR at 178). On Axis V, Dr. Kikani assessed Plaintiff with a Global Assessment of Functioning ("GAF") scale of 50. (AR at 178).

Dr. Kikani described Plaintiff's Axis V diagnosis as:

> [C]haracterized by symptoms of depressed mood and social withdrawal and isolation, problems maintaining sleep at night, problems focusing and concentrating and feeling tired, having no energy or motivation. The patient is unable to hold a job. The patient periodically has thoughts of feeling like giving up but having no specific suicidal plans.

(AR at 178). While Dr. Kikani found that Plaintiff was able to carry out one or two step simple instructions, he also noted that Plaintiff may be expected to show "mild to moderate" episodes of emotional deterioration in normal work situations, under customary work pressure. (AR at 179). Dr. Kikani also opined that Plaintiff was moderately impaired in activities of daily living and social functioning, and "mildly to moderately" impaired in concentration, persistence and pace, the ability to remember, understand and carry out complex instructions, and the ability to interact normally with co-workers, supervisors and the public. (AR at 179).

In the first decision,[2] the ALJ acknowledged Dr. Kikani's findings that Plaintiff was capable of carrying out one to two step simple instructions, but was mildly to moderately impaired in his ability to interact with co-workers, supervisors, and the public. (AR at 12, 51). The ALJ also accounted for these findings in his assessment of Plaintiff's residual functional capacity. (AR at 17). The ALJ did not, however, adequately address Dr. Kikani's findings that Plaintiff may

---

[2] The ALJ incorporated by reference his first decision into his second decision. (AR at 12).

experience mild to moderate episodes of emotional deterioration, was moderately impaired in activities of daily living, and was unable to hold a job.³ (AR at 178-79). To support his evaluation of Plaintiff's mental condition, the ALJ relied on the findings of the State Agency review physicians, who opined that Plaintiff had only mild restrictions in activities of daily living and no episodes of decompensation. (AR at 53, 182-98). However, the opinion of a non-examining review physician does not, by itself, constitute substantial evidence upon which to reject the opinion of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995); *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ also found that a more restrictive residual functional capacity assessment was not warranted, given the lack of objective evidence. (AR at 13, 53). The ALJ cannot, however, reject an examining physician's opinion merely by stating in conclusory terms that the opinion is objectively unfounded. *Reddick*, 157 F.3d 715 (9th Cir. 1998) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct.") Moreover, before making findings regarding Plaintiff's mental impairment, Dr. Kikani interviewed Plaintiff, reviewed Plaintiff's psychiatric and medical history, and administered a mental status examination. *See Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)(When treating physician diagnosed claimant with depression, set forth clinical observations supporting the diagnosis, and prescribed psychotherapeutic drugs, ALJ erred in finding claimant

---

³ Although the ALJ did include a restriction that Plaintiff would require one unscheduled 15 minute break a week for panic attacks, this restriction does not appear to adequately address Dr. Kikani's finding that Plaintiff would have mild to moderate episodes of emotional deterioration. (AR at 17, 179).

had not set forth sufficient evidence to substantiate mental impairment). The ALJ also found, generally, that Plaintiff's mental condition was improving with psychotropic medication and that Plaintiff's mental status examinations from July 2003 and January 2004 were "unremarkable." (AR at 13-14, 53). While Plaintiff had some positive responses to medication, the medical record does not suggest that Plaintiff's psychiatric symptoms subsided. *See* 20 C.F.R. § 416.924a(b)(9)(i)(A)(requiring consideration of "functional limitations that may nevertheless persist, even if there is improvement from the medications"). And, while the ALJ characterized Plaintiff's mental status examinations as "unremarkable," Plaintiff was diagnosed with bipolar disorder and assessed with a GAF scale of 50 in January 2004. (AR at 268). Accordingly, the ALJ's decision to reject the opinion of Dr. Kikani is not supported by substantial evidence.

Plaintiff argues that Dr. Kikani's improperly rejected opinion should be credited as true and his case should be remanded solely for an award of benefits. *See, e.g., Lester*, 81 F.3d at 834 (where the ALJ "fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as a matter of law"). The Ninth Circuit, however, has recognized that the "crediting as true" doctrine is not mandatory. *See, e.g., Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)(remanding for reconsideration of claimant's pain testimony); *see also Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(remanding for reconsideration where, *inter alia*, ALJ "failed to provide adequate reasons for rejecting the opinion of the treating physicians" and "did not properly reject [the claimant's]

subjective complaints").[4]

## IV. Conclusion

Remand is appropriate for the ALJ to further evaluate the opinion of Dr. Kikani and to make appropriate findings.

## ORDER

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence.

Accordingly, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: March 10, 2006            */S/ Marc L. Goldman*

_____
MARC L. GOLDMAN
United States Magistrate Judge

---

[4] Because the ALJ erred by not adequately explaining why he disregarded Dr. Kikani's opinion, the Court will not address the remaining issue concerning lay witness statements. Nevertheless, the Court recommends that the Commissioner consider any lay witness testimony on remand and make appropriate findings.